# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL ENRIQUEZ NUNEZ-PIMENTEL,** : | CIVIL ACTION NO. 1:07-CV-1915 |
| Petitioner, : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **U.S. DEPARTMENT OF HOMELAND** : **SECURITY IMMIGRATION CUSTOMS ENFORCEMENT**, et al., : | |
| : | |
| Respondents : | |

## MEMORANDUM

Daniel Enriquez Nunez-Pimental ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 22, 2007, seeking release from unconstitutional detention. (Doc. 1, at 2). For the reasons set forth below, the petition will be granted.

### I.    Factual Background

Petitioner, a native and citizen of the Dominican Republic, entered the United States on or about February 9, 1986, as an immigrant. (Doc. 6-2, at 2.)  On April 24, 2000, ICE issued a "Notice to Appear" for removal proceedings under section 240 of the Immigration and Nationality Act ("INA"), as amended, charging that he was removable under sections 237(a)(2)(A)(iii) because he was convicted in the United States District Court for the Eastern District of New York on

December 9, 1999, of an offense relating to the illicit trafficking in a controlled substance, and 237(a)(2)(B)(i) of the INA based on a conviction relating to a controlled substance. (Id.) Petitioner claimed that he was a national of the United States and applied for asylum, withholding of removal under the INA, deferral of removal, and protection under Article III of the Convention Against Torture ("CAT"). (Doc. 6-2, at 8.) On October 9, 2003, the immigration judge ("IJ") denied relief and ordered that petitioner be removed from the United States to the Dominican Republic. (Doc. 6-2, at 25-26.) He timely appealed the decision to the Board of Immigration Appeals ("BIA"). The appeal was dismissed on March 1, 2004. (Doc. 6-2, at 28.) Subsequent to the dismissal of his appeal, petitioner moved to reopen his case. On September 30, 2004, the motion was denied. (Id. at 30.) On May 6, 2005, he completed his federal sentence and was immediately transferred into ICE custody.

In June 2005, he sought relief *via* a petition for review in the United States Court of Appeals for the Third Circuit. (Id. at 33.) On March 29, 2007, the court of appeals held as follows:

> Here, the IJ and BIA applied an incorrect legal standard to Nunez's CAT claim. Specifically, Nunez argued that he would be tortured upon his return by people politically connected to the Dominican Republic government. He further argued that neither the government nor the police would aid him because of their connections to his torturers. This is, essentially, a willful blindness claim, as Nunez asserts not that the Government will torture him or actively consent to his torture, but that it will turn a "blind eye" to his pleas for help. The BIA rejected this claim, citing its decision in In re S-V-, 22 I. & N. Dec. 1306, 1312 (BIA 2000), in which it held that only willful acceptance constitutes acquiescence under the CAT. We have since overruled In re S-V-, holding instead that willful blindness fits the CAT's definition of acquiescence. Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007).

> Because the BIA's decision was based on an error of law, we grant the petition and remand to the BIA to remand to the IJ for a re-evaluation of the evidence under the correct legal standard.

Nunez v. Att'y Gen. of the United States, 226 Fed. Appx. 177, 180 (3d Cir. 2007) (footnote omitted).  On August 2, 2007, the BIA remanded the case to the IJ.  (Doc. 6-2 at 44.)  The instant petition was filed on October 22, 2007.  (Doc. 1.)  On January 11, 2008, the IJ issued an order granting petitioner's application for "withholding of removal, deferral of removal under Article III of the Convention Against Torture . . . . " (Doc. 9, at 2.)  The government appealed the IJ's decision and the appeal is presently pending before the Board of Immigration Appeals.

Petitioner seeks release pending a final decision in the removal proceedings.

**II.    Discussion**

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226.  Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States.  Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  8 U.S.C. § 1226(c)(1).

The United States Supreme Court held in Demore v. Kim, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution.  In

Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him.  The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings.  See id., 538 U.S. at 523-524.

The government takes that position that "[a]s an alien in removal proceedings who has been convicted of an offense covered in §§ 237(a)(2)(A)(iii) and (a)(2)(B), Nunez Pimentel is subject to mandatory detention pursuant to § 236(c)(1)(B) of the Immigration and Nationality Act ("INA", 8 U.S.C. § 1226(c)(1)(B)."  (Doc. 13, at 3.)  Although petitioner respects the Demore Court's holding regarding the constitutionality of the mandatory detention provision, he contends that the holding is limited.  Specifically, he argues that the Demore Court "based its decision on the assumption that the detention would be brief."  (Doc. 8, at 2.)

In support of his argument, petitioner relies on two Middle District of Pennsylvania cases.  The first case is Lawson v. Gerlinski, 332 F. Supp. 2d. 735, 744-46 (M.D. Pa. 2004).  The petitioner in Lawson, who had obtained a stay of removal while he was litigating the enforceability of his removal order, contested his prolonged detention.  The Honorable Thomas I Vanaskie found as follows:

> The fact of the removal order does not strip Lawson of his constitutionally protected interest in liberty.  See Ly v. Hansen, 351 F.3d 263, 269 (6th Cir. 2003). "The Supreme Court has repeatedly recognized

4

> that 'if an alien is a lawful permanent resident of the United States and remains physically present here, he is a person within the protection of the Fifth Amendment.' " Tineo v. Ashcroft, 350 F.3d 382, 398 (3d Cir.2003). As recognized in Ly, the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), "established that deportable aliens even those who had already been ordered removed, possess a substantive Fifth Amendment liberty interest, and that the interest was violated by indefinite detention." Ly, 351 F.3d at 269. Our Court of Appeals has recognized that even excludable aliens, *i.e.*, non-lawful permanent residents, with criminal records are protected by the Due Process Clause when it comes to prolonged detention. Ngo, 192 F.3d at 398-99. The Supreme Court, in sustaining the authority of Congress to mandate detention of criminal aliens during administrative removal proceedings stressed that such detention would be only "for the brief period necessary for their removal proceedings." Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).
>
> An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.

Lawson, 332 F. Supp. 2d at 744-46. The petitioner was ordered released subject to conditions of supervision. (Id. at 747).

Also relied upon by petitioner is the more recent case of Madrane v. Hogan, 520 F. Supp. 2d 654 (M.D. Pa. 2007). In that matter, the Honorable Yvette Kane determined that extended confinement pursuant to a pre-final order constituted a violation of the petitioner's due process rights:

> [A] careful reading of the Supreme Court's [Demore] decision reveals it to be not the sweeping pronouncement suggested by Respondents, but rather a narrower holding grounded in repeated reference to the anticipated brevity that pre-final order removal proceedings are expected to take in the ordinary course. The emphasis in Demore on the anticipated limited duration of the detention period is unmistakable, and the Court explicitly anchored its holding by noting a "brief period," Demore, 538 U.S. at 513, 523, 123 S.Ct. 1708, of "temporary confinement,"

id. at 531, 123 S.Ct. 1708. Indeed, the references to the brevity and limited nature of confinement can be found throughout Demore. See id. at 513, 123 S.Ct. 1708 ("Congress . . . may require that [criminal aliens] be detained for the brief period necessary for their removal proceedings."); id. at 523, 123 S.Ct. 1708 ("Respondent argued that the Government may not . . . detain him for the brief period necessary for his removal proceedings."); id. at 526, 123 S.Ct. 1708 (noting the "Court's longstanding view that the Government may . . . detain deportable aliens during the limited period necessary for their removal proceedings"); id. at 529 n. 12, 123 S.Ct. 1708 (noting "the very limited time of the detention at stake") (emphasis added). Moreover, in upholding the constitutionality of § 236(c), the Supreme Court specifically referred to statistics demonstrating the typically brief period that pre-final order removal proceedings require and the attendant short periods of detention that are therefore typically imposed. Relying on statistics compiled by the Executive Office for Immigration Review, the Supreme Court noted that in 85% of cases in which aliens were detained pursuant to § 236(c), removal proceedings were completed within an average of 47 days, with a median of 30 days. Id. at 529, 123 S.Ct. 1708. Furthermore, the Court noted that even in the remaining 15% of cases, in which an alien appeals an Immigration Judge's ruling to the Board of Immigration Appeals, an appeal takes an average of four months, with an even shorter median time. Id. As the United States Court of Appeals for the Ninth Circuit recently commented, "[t]here is no indication anywhere in Demore that the Court would countenance an indefinite detention." Nadarajah v. Gonzales, 443 F.3d 1069, 1081 (9th Cir. 2006).

Accordingly, numerous courts that have confronted pre-final order detainees' challenges to their extended confinement have endeavored to apply the general rule announced in Demore to the specific facts of the habeas petitions presented to them where pre-final order detainees have been held in custody for one or more years while their removal proceedings wound their way through the administrative and appellate processes. Several courts have found that due process required that aliens subjected to lengthy mandatory detention be given bail hearings or have otherwise ordered their release in lieu of a bail hearing. For example, in Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003), the Sixth Circuit found that following Demore the proper interpretation of § 236(c) was to "[construe] the pre-removal detention statute to include an implicit requirement that removal proceedings be concluded within a reasonable time, [thereby avoiding] the need to mandate the procedural protections that would be required to detain deportable aliens indefinitely." Id. at 270. On this standard, the Sixth Circuit "affirm[ed] the grant of habeas

corpus and the district court's finding that the incarceration of 18 months pending removal proceedings is unreasonable, [without requiring] the United States to hold bond hearings for every criminal alien detained under § 236." Id. Although the Sixth Circuit declined to create a rigid guideline of what would constitute a reasonable or unreasonable length of pre-final order detention, the court emphasized that habeas relief should be available for aliens whose particular removal proceedings were taking an unusually long time to complete: "The INS may detain prima facie removable aliens for a time reasonably required to complete removal proceedings in a timely manner. If the process takes an unreasonably long time, the detainee may seek relief in habeas proceedings." Id. at 268.

Subsequent to Ly, courts within and without the Sixth Circuit have found habeas relief to be warranted in cases where aliens have been subject to prolonged pre-final order detention under § 236(c). See, e.g., Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005) (finding that the authority conferred by 8 U.S.C. § 1226(c) "[applies] to expedited removal of criminal aliens" and finding that alien's two-year and four month detention to be "not expeditious;" recognizing that further administrative and judicial review would take more than a year to complete; and ordering petitioner's release unless within 60 days the government provided petitioner with a bail hearing before an IJ with the authority to order his release unless the government established that petitioner was a flight risk or a danger to the community); Diomande v. Wrona, No. 05-73290, 2005 WL 3369498, *2-3, 2005 U.S. Dist. LEXIS 33795, *4-7 (E.D. Mich. Dec. 12, 2005) (granting habeas relief and ordering alien released on $10,000 bond where the petitioner had been detained in pre-final order proceedings for nearly two years and had recently been granted withholding of removal by an IJ that was under appeal at the BIA, where the court found it "more than possible, indeed certain, that this case will proceed through the circuitry of administrative and judicial appeals for several additional months, and most likely, several years;" where petitioner had a fiancé and daughter in close proximity; and where the government had presented no evidence that petitioner posed a danger to the community or a risk of flight); Fuller v. Gonzales, No. 3:04-CV-2039, 2005 WL 818614, *5-6, 2005 U.S. Dist. LEXIS 5828, *14-17 (D. Conn. April 8, 2005) (granting habeas petition and ordering government to hold a prompt bond hearing where alien had been detained for more than two years under § 236(c)); see also Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006) (in an action where the government sought to hold an alien in detention pursuant to the general immigration detention statute set forth at 8 U.S.C. § 1225(b)(1)(B)(ii) and (b)(2)(A), finding that government was not

> empowered to detain aliens indefinitely and concluding that alien's five-year detention had been unreasonable; ordering petitioner's immediate release subject to conditions to be set by a delegate of the Attorney General); Parlak v. Baker, 374 F. Supp. 2d 551, 561 (E.D. Mich. 2005) (ordering pre-final order detainee released immediately for reasons other than the length of his eight-month detention, but finding it appropriate to note "[g]iven the legal intricacies surrounding Petitioner's removal, it will very likely take years for a final determination of Petitioner's status.  It is certain that the removal proceedings will be protracted as this case winds through the appellate process.  In determining whether Petitioner's detention is unreasonable, the Court cannot ignore the likely future course of the case which shows a real certainty that Petitioner is facing a significant period of detention for an indeterminate period of time. This amounts to a violation of due process under the circumstances.").

Madrane, 520 F. Supp. 2d at 664-666.

This court is convinced by the analyses and abundant citations of law set forth in the Lawson and Madrane opinions and finds that petitioner's continued detention pending the logical conclusion of a labyrinth of removal proceedings is in violation of his right to due process and is therefore unconstitutional.[1]  Petitioner has been held in ICE custody in excess of three years while his removal proceedings have wound their way through ICE's administrative courts to the United States Court of Appeals for the Third Circuit and back again to the administrative courts. Significantly, the length of detention is largely attributable to ICE in that the matter was remanded from our court of appeals because the administrative courts applied the incorrect legal standard in evaluating petitioner's CAT claim.  Although

---

[1] I note that the United States Court of Appeals for the Third Circuit has not yet spoken on the issue.

petitioner may be responsible for seeking relief from removal, he is not responsible for the amount of time that such determinations may take.

On remand, petitioner prevailed on his CAT claim and presently, the BIA is considering the government's appeal of the decision to grant withholding of removal and deferral of removal under Article III of the Convention Against Torture.  Given the past procedural history, it is anticipated that the administrative and appellate process will be time-consuming.  I adopt the conclusion of Chief Judge Kane in the Madrane matter and I reject the "Respondent's inflexible position that Petitioner may be detained for as many years as it may take to obtain a final order regarding his removal simply on the basis of the mandatory language of § 236(c), particularly where the Supreme Court in Demore did not expressly contemplate the constitutionality of such protracted detention. . . ."  Madrane, 520 F. Supp. 2d at 667.  Accordingly, the court will grant the petition for writ of habeas corpus.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 27, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ENRIQUEZ NUNEZ-PIMENTEL,** | : | **CIVIL ACTION NO. 1:07-CV-1915** |
| Petitioner, | : | **(Judge Conner)** |
| v. | : | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY IMMIGRATION CUSTOMS ENFORCEMENT**, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this 27th day of June, 2008, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

2. Respondents shall release petitioner forthwith, subject to reasonable conditions of supervision in accordance with applicable law and regulations.

3. Within twenty days of the date of this Order, Respondents shall notify the court of petitioner's release and any conditions imposed on such release.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge